IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| MARK KING, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 16-2723-STA-tmp |
| | ) Cr. No. 06-20003-BBD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

___

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

___

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Mark King, Bureau of Prisons register number 22704-076, an inmate at FCI Medium in Forrest City, Arkansas (§ 2255 Motion, ECF No. 1.) For the reasons stated below, King's § 2255 Motion is **DENIED**.

## BACKGROUND

A.  **Criminal Case Number 09-20003**

On January 20, 2009, a federal grand jury sitting in the Western District of Tennessee returned an indictment against King charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The Court appointed the Federal Public Defender to represent King, and King pleaded not guilty to the charge. On June 29, 2009, the parties appeared before the Court for a change of plea hearing, at which time King changed his

1

plea to guilty as part of an agreement with the United States. On February 23, 2010, the Court sentenced King to a term of 180 months incarceration followed by three years' supervised release and imposed a special assessment of $100. (*See* Judgment, ECF No. 46.) King did not appeal the Court's judgment.

**B.     Civil Case Number 12-2016**

On January 9, 2012, King filed a *pro se* § 2255 motion, raising two claims of ineffective assistance of trial counsel, one claim for the violation of his Fourth Amendment rights, and one claim of actual innocence. Among other things, King alleged that trial counsel was ineffective by failing to argue that King's prior conviction for reckless aggravated assault should not count as a qualifying predicate offense under the Armed Career Criminal Act ("ACCA"). After granting both parties a number of extensions of time to complete their briefing of the issues, the Court entered an order on March 30, 2015, dismissing King's § 2255 motion. The Court held that King's § 2255 motion was filed outside of the one-year statute of limitations. On the merits, the Court held that King had failed to show that counsel was ineffective. The Court specifically noted that the Court had at sentencing "sustained defense counsel's objection to use of a conviction for reckless aggravated assault conviction as a predicate offense." (Order Dismissing § 2255 19, ECF No. 28, no. 2:12-cv-02016-STA-dkv.) On November 12, 2015, the United States Court of Appeals for the Sixth Circuit denied King a certificate of appealability.

**C.     Civil Case Number 16-2723**

On April 21, 2016, King through the Federal Public Defender filed an application with the Sixth Circuit seeking leave to file a second or successive § 2255 motion. King alleged that he was entitled to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015). King argued that the sentencing Court had counted a prior conviction for

attempted arson as a qualifying predicate and sentenced King under the ACCA. King contends that attempted arson was a countable offense only under the ACCA's residual clause, which the Supreme Court held to be unconstitutional in *Johnson*. On August 17, 2016, the Court of Appeals granted King's application and transferred his second § 2255 to this Court for further proceedings. Upon receipt of the Sixth Circuit's order, the Clerk of Court docketed King's petition as civil case number 2:16-cv-02723-STA-dkv. Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of King's claim under *Johnson v. United States*. On August 29, 2016, the probation officer submitted a memorandum to the Court, recommending that King was not entitled to any relief under *Johnson*.

### STANDARD OF REVIEW

King seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

3

raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then

---

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

entitled to reply to the government's response.[10] The habeas court may also direct the parties to provide additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

## ANALYSIS

The Court holds that King is not entitled to any relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted felons, to possess firearms and provides for a punishment of up to ten years' imprisonment.[13] The Armed Career Criminal Act increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[14] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[15]

---

[9] *Id.*

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

[13] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[14] *Id.* (citing 18 U.S.C. § 924(e)(1)).

[15] 18 U.S.C. § 924(e)(2)(B).

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause. In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.[16] *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

The Court sentenced King as an armed career criminal based on four prior convictions under Tennessee law: (1) Burglary Second Degree (two cases, one committed in 1988 and the second in 1989); (2) Attempted Arson (committed in 1993); (3) Intentionally Evading Arrest in an Automobile (committed in 1997); and (4) Burglary of a building (committed in 2002). As already noted, the Court sustained King's objection and did not consider his conviction for reckless aggravated assault. The Court holds that the Supreme Court's intervening decision in *Johnson* has no effect on King's sentence as an armed career criminal because King continues to have three prior violent felony offenses, none of which implicate the ACCA's residual clause.

First, King's two convictions for Burglary Second Degree constitute violent felonies under the ACCA's enumerated offenses clause. The enumerated offenses clause defines a "violent felony" for purposes of the ACCA to include "burglary." The Supreme Court in *Taylor v. United States* held that a crime meets the ACCA's definition of "burglary" if the offense involved "an unlawful or unprivileged entry into, or remaining in, a building or other structure,

---

[16] *Johnson*, 135 S. Ct. at 2257.

with intent to commit a crime."[17] In *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), the Sixth Circuit considered whether the pre-1989 version of Tennessee's second-degree burglary statute comported with the generic definition of burglary. The Court of Appeals held that it did and therefore a conviction under Tennessee's pre-1989 burglary statute fit within the enumerated offenses set forth in 18 U.S.C. 924(e)(2)(B)(ii).[18] In light of *Jones*, the Court concludes that King's two second-degree burglary convictions continue to qualify as violent felonies under the ACCA's enumerated offenses clause.

Likewise, King's prior conviction for burglary of a building continues to qualify as a "violent felony" for purposes of the ACCA's enumerated offenses clause. Tenn.Code Ann. § 39–14–402(a) (1990), the Tennessee burglary statute under which King was charged in 2002, makes it a crime when a person "without, the effective consent of the property owner,"

> (1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony or theft;
> (2) Remains concealed, with the intent to commit a felony or theft, in a building;
> (3) Enters a building and commits or attempts to commit a felony or theft; or
> (4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony or theft.

In *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), a case decided after the Supreme Court's ruling in *Johnson*, the Sixth Circuit held that Tenn. Code Ann. § 39–14–402(a) is divisible because it "list[s] potential offense elements in the alternative."[19] The Court of Appeals went on to hold that "the first three variants of Tennessee burglary, i.e., Tenn.Code Ann. § 39–14–402(a)(1), (a)(2), and (a)(3), qualify as generic burglary" as the Supreme Court

---

[17] *Taylor v. United States*, 495 U.S. 575, 598 (1990).

[18] *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012).

[19] *United States v. Priddy*, 808 F.3d 676, 684 (6th Cir. 2015) (citing *United States v. Moore,* 578 F. App'x 550, 553 (6th Cir. 2014)).

defined the term for ACCA purposes in *Taylor*.[20]  The Sixth Circuit explained that each of the variants of the offense included as one of its elements an "unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."[21]  The Sixth Circuit added that the crime of burglary of a building defined in paragraph (a)(1) "involve[d] the 'entry-into' variant of generic burglary since it substantially corresponds to *Taylor's* definition of generic burglary."[22]  The Court holds then that King's 2002 conviction for burglary of a building continues to qualify as a "violent felony" under the ACCA's enumerated offenses clauses.

The Court notes that King through the Federal Public Defender filed a memorandum in support of his application with the Sixth Circuit to file a second or successive habeas petition.  The *Johnson* argument raised in the memorandum concerned King's 1993 conviction for attempted arson.  King contends that attempted arson falls under the ACCA's residual clause and therefore could not be counted as a prior "violent felony."  The United States appears to have conceded the point in its brief before the Court of Appeals.  The Court need not reach this argument.  Even accepting King's argument that his arson conviction no longer qualifies as a violent felony, King still has three violent felony convictions under the ACCA.

Having determined that King continues to have three prior violent felonies under the enumerated offenses clause and that none of three convictions falls under the ACCA's residual clause, the Court holds that King is not entitled to relief under *Johnson*.  Therefore, King's §2255 Motion is **DENIED**.

---

[20] *Id.* (citing *Taylor,* 495 U.S. at 599).

[21] *Id.*

[22] *Id.* at 684-85.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[23] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[24] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[25] A COA does not require a showing that the appeal will succeed.[26] Courts should not issue a COA as a matter of course.[27]

In this case, for the reasons previously stated, the issues raised by King in support of his § 2255 Motion lack substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[28] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28

---

[23] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[24] 28 U.S.C. §§ 2253(c)(2) & (3).

[25] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[26] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[27] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[28] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[29] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[30] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[31]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[32]

## CONCLUSION

King's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court further denies King a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    UNITED STATES DISTRICT JUDGE

    Date: September 19, 2016.

---

[29] *Id.* at 952.

[30] *See* Fed. R. App. P. 24(a)(1).

[31] *See* Fed. R. App. P. 24(a) (4)-(5).

[32] If King files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.